UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dejuan Anthony Carlton,                      Case No. 5:16-cv-620

         Petitioner

       v.                                          MEMORANDUM OPINION
                                                   AND ORDER

Brigham Sloan, *et al.*,

         Respondents

       *Pro se* petitioner Dejuan Carlton, an Ohio prisoner incarcerated in the Lake Erie Correctional Institution, has filed this action for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He seeks an order releasing him from prison on the ground that his 2011 state murder conviction is "void" because the trial judge did not sign the "sentencing judgment entry."

       Promptly after the filing of a *habeas* petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing §2254 Cases in the United States District Courts (applicable to §2241 petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face").

       I am summarily dismissing this §2241 *habeas* action. "[R]egardless of the label on the statutory underpinning [used] for [a] petition, *habeas* petitions of state prisoners are governed by 28 U.S.C. §2254," which specifically applies when a person contends he is in state custody in violation of the

Constitution or laws of the United States. *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). A state prisoner may not avoid the procedural restrictions imposed in § 2254 cases by styling his petition as one pursuant to §2241. *See id.*

Accordingly, petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but his petition is dismissed because it is not properly brought under §2241. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (a court may either dismiss an incorrectly-filed § 2241 petition without prejudice or convert it to a §2254 petition). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

So Ordered.

    s/Jeffrey J. Helmick
United States District Judge